IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-199-BO

| | | |
|---|---|---|
| TAMMY W. KEITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. For the reasons discussed below, the decision of the Administrative Law Judge is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed for DIB and SSI on August 1, 2011, alleging disability since May 17, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant

has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's degenerative disc disease of the lumbar spine, degenerative disc disease [sic] of the knees, diabetes mellitus, heart aneurysm, obesity, and bilateral carpal tunnel syndrome were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a significant range of sedentary work but with some exertional and non-exertional limitations. The ALJ found that plaintiff could not return to her past relevant work but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled.

In *Mascio v. Colvin*, the court of appeals held that

> an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180

3

(11th Cir.2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

780 F.3d 632, 638 (4th Cir. 2015). Here, the record demonstrates that plaintiff had limitations in concentration, persistence, and pace, and the ALJ found plaintiff to be moderately limited in such areas. Tr. 13. Dr. Strag, a consultative examiner, further opined that plaintiff has "difficulty staying on task requiring sustained attention." Tr. 515. Plaintiff's aunt also reported that plaintiff could concentrate only for short periods of time, that she does not finish what she starts, and may get frustrated if instructions are unclear. Tr. 244.

The Commissioner contends that *Mascio* has been satisfied in this instance because the ALJ asked the vocational expert present at the hearing to include in the hypothetical presented a limitation on the amount of contact plaintiff would have with co-workers and the public. Tr. 40. The ALJ did not include such a limitation in plaintiff's RFC, nor did he otherwise account for plaintiff's inability to perform tasks requiring sustained attention, such as requiring a non-production pace or stable work environment. *See e.g. Linares v. Colvin*, 5:14-CV-00120, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015). Because the ALJ failed to account for plaintiff's limitations in these areas or explain why limitation beyond simple, routine, repetitive tasks was not necessary, remand is appropriate.

On remand the ALJ should further consider plaintiff's intellectual functioning and order any testing necessary to sufficiently address the issue. Dr. Strag opined that plaintiff was functioning in the borderline range of intelligence, and included his opinion at plaintiff's Axis II diagnosis. Tr. 515. The state agency physicians further found plaintiff to have borderline intellectual functioning. Tr. 50 (severe borderline intellectual functioning); 83 (intellect in

4

borderline range). Though plaintiff's counsel requested intellectual function testing at the hearing, the ALJ denied the request as untimely. The Court is unaware of any time limitations implicated at the hearing stage which would undermine the Commissioner's duty to develop the record and demand production of evidence in order to properly adjudicate plaintiff's claim. *Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir. 1986); *see also* 20 C.F.R. § 404.1519a. Accordingly, remand is also appropriate so that the record may be developed sufficiently.

Finally, because remand has already been found to be appropriate, and because there is evidence in the record which would suggest that some or all of the criteria for Listing 1.04 addressing disorders of the spine might be satisfied, *see e.g.* Tr. 450-51, the ALJ is further directed to consider and conduct a thorough discussion of whether plaintiff satisfies the Listing 1.04 criteria so that, if necessary, meaningful review of the ALJ's decision is possible. *Radford v. Colvin*, 734 F.3d 288, 295-296 (4th Cir. 2013).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 27] is GRANTED and defendant's motion for judgment on the pleadings [DE 31] is DENIED. The decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this _25_ day of February, 2016.

                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE